UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMED ABDULLAH AHMED,

Plaintiff,                                         Civil Case No. 13-11388

vs.                                                     HON. MARK A. GOLDSMITH

CITY OF DEARBORN HEIGHTS, et al.,

Defendants
_____/

## ORDER DISMISSING PLAINTIFF'S COMPLAINT (DKT. 1) WITH LEAVE TO AMEND, DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (DKT. 2) WITHOUT PREJUDICE

This matter is before the Court on the Court's own review of Plaintiff's complaint (Dkt. 1) and application to proceed in forma pauperis (IFP) (Dkt. 2). Plaintiff, proceeding pro se, filed a complaint that contains minimal facts that apprise the Court of the basis of the suit. For example, plaintiff alleges:

> The Dearborn Heights police officer first name unknown last name Erickson, as known as Defendant number one refused to fill out the Public Servant Questionnaire (see Exhibit C), which violates his Oath of Office by perjury and Obstruction of Justice. While trampling up my Constitutional Rights, 9th and 10th Amendment of the United States of America Constitution, by using threats, like I will Arrest you if you don't give me your driver's license, which violates my 4th and 5th Amendments.

***

> Defendant number two known as Michelle Adkins Court Administrator of the 20th District Court addressed herself as the Deputy Clerk who is sworn in, so I requested to see the Chief Clerk of the Court Barbara Blount and any judge who can for see pertaining to ticket number 13DH04988, she

>   indicated that the Judge is gone for the day and I need to come in the morning hours. I asked her what were the court hours she indicated 9am to 5pm and the time I went in was 2:45 pm. I went to Court within 72 hours of the ticket, she denied me of my remedy under Michigan Court Rules Rule 2.116 Summary Disposition for relief. She tried to judicate me by asking me how do I plea, I told her that there was no crime and no plea for a crime that never happened. Michelle Adkins denied me of my Due Process Rights under the 5th Amendment to allow me to see the judge.

Compl. at 5 (Dkt. 1). For relief on his claims, Plaintiff seeks $25,000 in damages. Id.

In the other document before the Court, Plaintiff's IFP application, the Court notes that Plaintiff is currently unemployed, but earned $12,924 in the past twelve months from self-employment. The IFP application states that (i) Plaintiff does not have any money in banking or checking accounts, (ii) owns a vehicle valued at $4,300, and (iii) has three dependents – a wife and two sons. Furthermore, Plaintiff has altered the application by striking out language stating that he declared his financial status disclosures to be true and correct. In particular, Plaintiff has crossed out "under penalty of perjury" and has added "(AA)" above the printed text, which appears to be Plaintiff's initials.

From the allegations in the complaint, the Court cannot determine whether Plaintiff has stated a claim for which relief can be granted or if the Court has subject-matter jurisdiction. A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010). The court also has no jurisdiction when "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999), citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974). Generally, "'[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" Brown v. Matauszak, 415 F. App'x 608, 614 (6th Cir. 2011) (quoting 6 Charles Alan Wright,

Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1483 (3d ed. 2010)). Here, the complaint does not contain sufficient facts to state a claim or to invoke the Court's subject-matter jurisdiction. The Court will dismiss Plaintiff's complaint, but permit him to amend his pleading.

As for the IFP application, proceeding IFP "is a privilege, not a right." Camp v. Oliver, 798 F.2d 434, 437 (11th Cir. 1986). District courts have the discretion whether to grant or deny a plaintiff's IFP application. Phipps v. King, 866 F.2d 824, 825 (6th Cir. 1988). If a court denies a plaintiff's application, it must state its reasons. Id. Additionally, IFP applications are governed by a statute, 28 U.S.C. § 1915, which allows courts to authorize the commencement of a suit "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). For an affidavit to have legal effect, it must be executed under penalty of perjury. See 28 U.S.C. § 1746. Courts have required plaintiffs to re-submit IFP applications, if they are not submitted under penalty of perjury. See, e.g., Crawford v. Unique Nat. Collections, No. 11–3454, 2012 WL 6681691 (D. Md. Dec. 19, 2012) (vacating order granting plaintiff's IFP status because plaintiff had crossed out "under penalty of perjury" and had not shown that he was eligible to proceed IFP and providing 30 days to file an application complying with § 1915). Here, Plaintiff's application is not executed under penalty of perjury, and the Court has no way of knowing whether Plaintiff's representations are true and correct.

Accordingly, the Court dismisses Plaintiff's complaint (Dkt. 1) for failure to state a claim for which relief may be granted and for lack of subject-matter jurisdiction with leave to amend. The Court also denies Plaintiff's IFP application without prejudice (Dkt. 2). Plaintiff is granted

leave to file an amended complaint that cures his pleading deficiencies by April 17, 2013. Failure to file timely an amended complaint will result in the dismissal of this action being deemed a dismissal with prejudice. If Plaintiff wishes to proceed IFP, Plaintiff must also re-file an application to proceed IFP signed under penalty of perjury by April 17, 2013.

SO ORDERED.

Dated: April 4, 2013　　　　　　　　　　　s/Mark A. Goldsmith
　　　Flint, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 4, 2013.

　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　Case Manager